*352 OPINION OF THE COURT
Loren N. Brown, J.
By notice of petition, dated September 24, 1984, and supporting papers, petitioner moves for a judgment and order pursuant to CPLR article 78 reviewing and correcting the refusal of the respondent to pay the petitioner for the hospital services of Frederick Decker, and for an order directing the respondent to comply with section 473 of the Social Services Law which requires the County Department of Social Services to furnish adult protective services to Mr. Decker. The petition is opposed in all respects.
Frederick Decker, age 94, is a patient in the acute care facility of the petitioner hospital. It is alleged, however, that Mr. Decker should be placed in a skilled nursing facility, but that the failure of the Department of Social Services to provide Medicaid coverage has made such placement impossible. Additionally, the petitioner alleges that the Department has not taken affirmative steps in protecting and assisting Mr. Decker as required by section 473 of the Social Services Law.
The respondent alleges that section 473 was not intended to aid someone in Mr. Decker’s position but was intended, instead, to provide for emergency aid to persons with a mental or physical dysfunction, and with no friends or relatives willing and able to assist them responsibly. In Mr. Decker’s case he has an elderly wife and family.
This is an action under article 78, but it should be identified as two proceedings consolidated into one. The first proceeding seeks review of a denial of a governmental decision, the refusal to pay Medicaid benefits. Under the old writ system it would be in the nature of certiorari. The second proceeding seeks to compel an affirmative action by a government agency, mandamus under the writ system. Separated that way, the issues may more easily be analyzed and decided.
As to the former proceeding, this court is constrained to deny the application to review denial of benefits on the authority of Matter of Peninsula Gen. Nursing Home v Sugarman (44 NY2d 909). It is clear from that case that the hospital does not have standing to contest the denial of medical assistance by the Department of Social Services. In large part, the decision in Peninsula was premised upon the availability to the hospital of relief in a plenary suit at law. Moreover, according to Peninsula, section 366 of the Social Services Law defines the interested *353 party who would have standing to maintain an action for payment against the Department as the “eligible” recipient, in this case, Mr. Decker.
In deciding the second prong of this petition, to compel the respondent to provide assistance pursuant to section 473 of the Social Services Law, the court must reach a different result. The hospital now stands before the court as an aggrieved party. It is responsible for the care and treatment of a patient, and must either retain him in an allegedly inappropriate facility or release him with no treatment at all. By forcing the Department to take action pursuant to section 473 of the Social Services Law, it may be able to find more appropriate care for Mr. Decker. Nonaction by the respondent clearly injures the petitioner. Moreover, unlike the situation in Peninsula (supra), there is neither an alternative adequate remedy at law nor a provision in section 473 of the Social Services Law limiting standing to a narrow classification.
Having found that the petitioner has standing, the court must now decide if section 473 is applicable to someone in Mr. Decker’s position. Is the intent of the section limited to provide only for, citing the respondent’s supplemental reply memorandum, “the person who lives by himself in a hazardous environment without relatives or friends who can see to it he receives necessary medical care or other services which he urgently requires”? The court does not think that the section should be read so narrowly. Reading the statute in its entirety, the section suggests that the scenario need not be so bleak before the respondent should provide services. Section 473 outlines an extensive program of services to be made available on a long-term basis, if necessary, and not just in a short-term emergency situation. The scope of the section reaches persons, regardless of income, who, because of a mental or physical dysfunction, are helpless to protect themselves without the help of others. It reaches persons like Mr. Decker who are marooned in a hospital with no satisfactory way out. When friends and relatives cannot supply sufficient assistance, then the county must become the afflicted person’s friend. (See Mental Hygiene Law, § 77.03, subd [a], par [3].)
The court also will not accept the respondent’s contention that Mr. Decker had to be without friends or relatives able to help before the county could step in. Subdivision 4 of section 473 of the Social Services Law clearly indicates that the Department can provide services even though Mr. Decker may have both friends and relatives with financial resources.
*354 The final issue before the court is whether Mr. Decker possesses a physical or mental dysfunction which would require action by the respondent. Upon examining the submitted papers, the court finds that the petitioner has shown by way of a factual presentation that Mr. Decker has a mental dysfunction sufficiently severe to entitle him to protection services. The respondent’s reply to the petitioner’s allegations of dysfunction is hearsay evidence, insufficient to refute the petitioner’s showing.
Accordingly, based upon the foregoing, the court will order the respondent to provide, when relevant and appropriate, services available to Mr. Decker pursuant to section 473 of the Social Services Law. However, it will not reverse the refusal to provide medical benefits.